## Bosey Fleet *vs.* The State of Maryland.

*Election—False personation of Voter—Sec. 55, of Art. 33, of the Code—Act of 1890, ch. 538—Appeal.*

The traverser was indicted under the election law, (Sec. 55, of Art. 33, of the Code,) for falsely personatiug another person, and attempting to vote in the name of that person at the general election of 1889, the traverser himself not being entitled to vote. Held:

1st. That said section was in no way repealed or modified by the Act of 1890, ch. 538.

2nd. That the mere change in the mode of preparing tickets and voting them, as. provided in the Act of 1890, in no way affected the offences declared by section 55, of Article 33, of the Code, and any of such offences that had been committed before the passage of the Act of 1890, still remained subject to prosecution as if the latter Act had never been passed.

Where there is no demurrer, or motion in arrest of judgment, to raise any question of law upon the record, upon the determination of which error could be assigned, there is no question open for review on appeal.

Appeal as upon Writ of Error, from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was submitted to Alvey, C. J., Miller, Robinson, Irving, Bryan, Fowler, McSherry, and Briscoe, J.

*George C. Merrick*, for the appellant.

*William Pinkney Whyte, Attorney-General*, for the appellee.

Fleet *vs.* State.

ALVEY, J., delivered the opinion of the Court.

This case has been in this Court before upon petition and error assigned, which was dismissed, upon the ground of delay in filing the petition, and because it did not appear that there had been any final judgment entered upon the verdict of guilty. The petition in error was dismissed by this Court on the 20th of February, 1891.

After the dismissal of the case from this Court, the Court below, on the 29th of April, 1891, sentenced the traverser to confinement in the county jail until October 14th, 1891. The question of the validity of this sentence, as to the period of time is not complained of as error, and the State is not seeking to correct the judgment. But upon the final judgment being rendered, the traverser filed a second petition in error, and has brought the case into this Court a second time, upon suggestion of error in holding him liable to prosecution at all.

The traverser was indicted under the election law, (Code, Art. 33, sec. 55,) for falsely personating another person and attempting to vote in the name of that person, at the general election of November, 1889, the traverser himself not being entitled to vote. To this indictment he filed a special plea, alleging that the section or provision of the statute under which the indictment had been found had been repealed, by the Act of 1890, ch. 538; and that, therefore, he was not subject to prosecution for an offence prescribed by a statute that had been thus repealed. Issue was joined upon this plea, and the general issue of not guilty was also entered. The case was tried before the Court, without the aid of a jury, and the traverser was convicted. And as the case is presented here there is really no question open for review by this Court. There was no demurrer, or motion in arrest of judgment, to raise any question of law upon the record, upon the determination of

which error could be assigned. But, as we gather from the allegations of the petition in error, the supposed error of which the traverser complains, consisted in the disregard by the Court below of the defence set up by the special plea, namely, that the law under which the indictment was found had been repealed. That supposition, however, is founded in an entire mistake. The offence for which the traverser was indicted is declared and defined, and the punishment therefor prescribed, by section 33 of the Code, and that section was in no way repealed or modified by the Act of 1890, ch. 538. The mere change in the mode of preparing tickets and voting them, as provided in the Act of 1890, in no respect affected the offences declared by section 55 of Article 33 of the Code; and any of such offences that had been committed before the passage of the Act of 1890, still remained subject to prosecution as if the latter Act had never been passed.

The petition in error must be dismissed.

*Petition and assignment*
*of errors dismissed.*

(Decided 18th June, 1891.)